Filed 8/31/23  P. v. Rivera CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN RIVERA,<br><br>Defendant and Appellant. | F086017<br><br>(Super. Ct. No. BF171412A)<br><br>**OPINION** |

THE COURT\*

APPEAL from an order of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for  Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Franson, J. and Smith, J.

## INTRODUCTION

In 2021, appellant and defendant Jonathan Rivera (appellant) pleaded guilty to voluntary manslaughter and admitted a prior strike conviction, and was sentenced to 28 years in prison. In 2023, the trial court denied appellant's Penal Code[1] section 1172.6 petition for resentencing.

On appeal, appellant's counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436. Appellant submitted a letter brief and asked this court to review matters involving his plea. We affirm the court's denial of his petition.

## PROCEDURAL BACKGROUND

On October 10, 2018, an amended information was filed in the Superior Court of Kern County charging appellant with count 1, first degree premeditated murder of Veronica Medina (Pen. Code, §§ 187, subd. (a), 189), with an arming enhancement and prior conviction allegations.

**Plea and Sentence**

On May 13, 2021, the court granted the prosecution's motion to amend the information to add count 2, voluntary manslaughter (§ 192, subd. (a)), with an enhancement that appellant personally used a deadly or dangerous weapon, a knife (§ 12022, subd. (b)(1)), and prior conviction allegations.

Thereafter, appellant pleaded no contest to count 2, voluntary manslaughter, and admitted he personally used a deadly or dangerous weapon, a knife (§ 12022, subd. (b)(1)), a prior strike conviction, and a prior serious felony conviction enhancement. The court dismissed count 1 on the condition the plea remain in effect.

---

[1] All further statutory citations are to the Penal Code.

2.

On June 15, 2021, the court sentenced appellant to an aggregate term of 28 years in prison, based on the upper term of 11 years for count 2, doubled to 22 years as the second-strike term, with consecutive terms of one year for the personal use enhancement and five years for the prior serious felony conviction enhancement. It does not appear that appellant filed an appeal from the judgment.

## PETITION FOR RESENTENCING

On September 15, 2022, appellant filed, in propria persona, a petition for resentencing of his voluntary manslaughter conviction pursuant to section 1172.6. Appellant requested appointment of counsel.

Appellant's supporting declaration consisted of a preprinted form where he checked boxes that stated (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial at which he could have been convicted of murder or attempted murder; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

On September 28, 2022, the court appointed counsel.

### The People's Opposition

On December 9, 2022, the prosecution filed opposition and argued appellant's petition did not state a prima facie case for relief because he was charged with murder and entered his manslaughter plea in 2021, after the amendments to sections 188 and 189 became effective. As a result, he could not have been convicted based on any prohibited theories of imputed malice, and his manslaughter conviction was valid under current law.

3.

## The Trial Court's Denial of the Petition

On March 23, 2023, the trial court held a hearing on appellant's petition. Appellant's counsel was present, and appellant validly waived his presence. The parties submitted the matter.

The trial court found appellant was ineligible for relief as a matter of law because he was convicted after the amendments to sections 188 and 189 became effective on January 1, 2019, and denied his petition without issuing an order to show cause.

On March 24, 2023, appellant filed a timely notice of appeal.

## DISCUSSION

In *Delgadillo*, the court held a *Wende* analysis is not applicable to a trial court's order that denies a petition for postconviction relief under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 222.) *Delgadillo* held that instead of using the process outlined in *Wende*, appointed counsel and the appellate court should do the following: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, at pp. 231–232.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion…." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

As noted above, appellate counsel filed a brief with this court pursuant to *Delgadillo* and *Wende*. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. This court sent appellant an order that, pursuant to *Delgadillo*, the appeal would be dismissed as abandoned if he failed to submit a letter brief within 30 days.

4.

On June 20, 2023, appellant filed a supplemental brief with this court in response to our *Delgadillo* order, that stated that he was informed by appellate counsel that he should send a letter so this court would not "disregard" his appeal. Appellant requested this court to "independently review witness statements, preliminary hearing transcripts, case factors that should have been brought up during my court process. I believe that my public defender did not dedicate the time to review [and] work on my case. Therefore, the witness did not receive the proper questioning during preliminary hearings. There was [*sic*] inconsistent statements from the witness that could have given grounds to submit motions for witness impeachment."

Appellant cannot raise issues leading up to his plea and conviction in his section 1172.6 petition. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the [trier of fact's] findings. To the contrary, '[n]othing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding.… The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

## DISPOSITION

The court's order of March 23, 2023, denying appellant's section 1172.6 petition, is affirmed.